IDA C. L. PURDY, Respondent, v. JOSEPH W. WRIGHT, AMANDA WRIGHT, his Wife, JAMES WRIGHT, HANNAH WRIGHT, his Wife, PHILETUS S. WRIGHT and JENNIE WRIGHT, his Wife, Impleaded with Others, Appellants.

*Will — when no trust is created — when lands descend to the testator's heirs subject to a power of sale — when an action for partition may be maintained although the power of sale is given to the executors of the testator.*

Appeal from a judgment, entered in Yates county, on a trial of this action by the court without a jury.

The action was brought for the partition of certain lands, of which it is alleged that the plaintiff is seized of one undivided one hundred and sixty-eighth part, as tenant in common with the defendants. The controversy, to some extent, arises upon the construction and effect of the provisions of the will of David Secor, made in 1852 and probated in 1860, when letters testamentary were issued to the executors nominated by him.

By the seventh and eighth clauses of the will he gave the executors full power to sell and convey his real estate situate in the town of Benton, Yates county, and directed them to sell it " with all convenient speed," and bequeathed the proceeds of the real estate to his children, named as follows: three-eighths to his son Minor, one-eighth to his son Philetus, and bequeathed to the executors, in trust for each of the four daughters, Emeline, Adeline, Almira and Cordelia, one-eighth, and directed the executors to invest it in real estate, for the sole use and benefit of each daughter during her natural life, with remainder in fee to the heirs-at-law of her body ; and in case of the death of Cordelia before she arrived at the age of twenty-one years, without issue, that the share bequeathed to her should go to his surviving children. The executors never executed the power of sale given them by the will. The testator left surviving him eight children, and those of them, other than Cordelia, conveyed their interest in the lands. And such conveyances were made within the period from 1861 to 1882, inclusive.

The daughter Cordelia died in 1870, over the age of twenty-one years, without issue. Her heirs-at-law were her brothers and sisters

and the children of a deceased brother and sister, one of whom is the plaintiff, who inherited one-twenty-first part of the real property of which she died seized. And as it is alleged that Cordelia took by descent from her father title to one-eighth part of the premises in question, that allegation, if supported, would make the plaintiff's share in them one undivided one-hundred-and-sixty-eighth part. It is contended on the part of the appellants that by the provisions of the will a trust was created which vested in the executors the title to these lands.

The court at General Term said : " We think they took no title. The sale directed was not for the benefit of legatees, within the meaning of the statute, and there was no trust created to receive rents and profits of the lands and apply them, etc. (1 R. S., 728, § 55.) The power to receive the rents and profits for some of the purposes mentioned in the statute is requisite to constitute a trust within the provision last mentioned. (*Leggett* v. *Perkins*, 2 N. Y., 297.) It is not necessary to express in the terms of the instrument the provisions of the statute, but sufficient must appear to permit a construction to embrace them. In *Morse* v. *Morse* (85 N. Y., 53) the element of power for the receipt and application of the rents and profits of the land in question was in the provisions of the will, and for that reason a trust was supported. And the same remark is applicable to *Vernon* v. *Vernon* (53 N. Y., 351). In respect to the lands of the testator in the case at bar the executors had only power of sale, and the lands descended to his heirs subject to the execution of the power. (1 R. S., 729, § 56.) The power and direction given by a will to sell lands and distribute the proceeds operates as a conversion of the realty into personal estate. (*Arnold* v. *Gilbert*, 5 Barb., 190.) But that may not be so when the direction is to invest the proceeds in real estate.

Then the proceeds have the character of the property in which the investment is directed to be made, when the direction and its purpose are valid. (*Lorillard* v. *Coster*, 5 Paige, 172–218.) The beneficiaries may elect to take the land and thus dispense with the execution of the power. (*Prentice* v. *Janssen*, 79 N. Y., 478.) The question arises whether an action for partition will be entertained under the circumstances of this case. It might not ordinarily be permitted in behalf of a party who had the bare legal title to a

share in property which was subject to an operative power of sale for the reason that no substantial benefit would result from such an action. That was the situation presented in *McGregor* v. *McGregor* (22 N. Y. W. Dig., 305), inasmuch as the alleged suspension of alienation was there held not to be illegal. But here the executors were vested with the power of sale more than twenty-five years ago. And most of the parties interested have taken and conveyed their interests and title in the property; and, so far as they could, have elected to dispense with the execution of the power of sale. The lapse of time would seem to permit the inference of acquiescence on the part of the executors in such appropriation and disposition of the property by the beneficiaries. It seems that they have sought so far as they could, to make a distribution of the property, and apparently have substantially accomplished it, except as relates to a portion of the share of the daughter Cordelia. And thus have rendered the execution of the power of sale by the executors impracticable. (*Hetzel* v. *Barber*, 69 N. Y., 1.)

We think that the legal title to the alleged portion is in the plaintiff, and that the situation presented enables her to maintain the action. No other question requires consideration. The judgment should be affirmed.

*Struble & Stewart*, for the appellants, Joseph W. Wright and wife.

*William T. Morris*, for the appellants, James Wright, Philetus S. Wright, and their wives.

*J. F. Parkhurst*, for the respondent.

Opinion by BRADLEY, J., SMITH, P. J and HAIGHT, J., concurred; BARKER, J. not voting.

Judgment affirmed, with costs.